UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENRIQUE MORALES REYES (A-Number: 205-290-983),

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-7112-DAD-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner Enrique Morales Reyes was ordered removed from the United States on August 14, 2026.[1] He is in ICE custody pending removal. Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention without a significant likelihood of removal in the reasonably foreseeable future violates due process. ECF No. 1. For the following reasons, I recommend that the petition be denied without prejudice.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates

[1] Petitioner's motion to proceed *in forma pauperis*, ECF No. 2, is granted. Petitioner also filed a motion for appointment of counsel. ECF No. 3. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

On August 14, 2026, the immigration court ordered petitioner removed. ECF No. 6-1. Petitioner waived appeal, making his removal order final that day. *Id.* Petitioner is in ICE custody while it works to effectuate his removal. Petitioner indicates that he has been waiting to be sent back to his country, but that he was informed on August 25, 2026, that ICE cannot remove him due to a "pending U visa case." ECF No. 1 at 6. Respondent indicates that ICE is "work[ing] to effectuate his removal." ECF No. 6 at 1.

Petitioner claims that his detention pending removal violates due process because ICE is unable to remove him. ECF No. 1 at 6. As noted, petitioner's removal order was administratively final on August 14, 2026, and thus petitioner is still detained during the 90-day removal period provided by 8 U.S.C. § 1231(a)(1)(A). Thus, petitioner's mandatory detention is authorized by section 1231(a)(2). Accordingly, I recommend that the petition be denied without prejudice.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.
2. Petitioner's motion for the appointment of counsel, ECF No. 3, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be DENIED without prejudice. It is the court's intention that petitioner be lawfully removed as soon as practicable. If petitioner is not removed within the 90-day statutory period provided by 8 U.S.C. § 1231(a)(1)(A), nothing in this order should be construed as prohibiting petitioner from filing a new petition challenging his detention and addressing whether removal is reasonably foreseeable.

2. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 28, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE